IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-1554 (RWR) |
| | ) |
| INDUSTRIAL CONCRETE CONSTRUCTION OF NEW JERSEY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STIPULATION TO SETTLEMENT

It is hereby stipulated by and between Plaintiffs, Trustees of the Bricklayers & Trowel Trades International Pension Fund and Trustees of the International Masonry Institute, and Defendant, Industrial Concrete Construction of NJ, Inc. in the above-captioned action, by counsel, that the parties have reached a Settlement Agreement attached hereto as Exhibit A.

NOW, THEREFORE, the parties agree as follows:

1.    Defendant consents to the Settlement Agreement executed by the parties and annexed hereto as Exhibit A;

2.    Defendant agrees to pay Plaintiffs a total of $45,000 in settlement of this action pursuant to the payment schedule set forth in the Settlement Agreement;

3.    That upon payment of the total of $45,000 by Defendant, in accordance with the terms set forth in the attached Settlement Agreement, the parties will file a Stipulation of Dismissal with Prejudice of this action with the Court.

4.    If Defendant is more than ten (10) days late in the submission of any of its payments due in the schedule set forth in the attached Settlement Agreement, and/or otherwise in

2459321

default under the terms of the Settlement Agreement, the parties agree that Judgment shall be awarded consistent with the terms and amounts described in the Settlement Agreement.

Dated: July 22, 2008

By: /s/
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C.  20006
(202) 420-2234 (Telephone)
(202) 420-2201 (Facsimile)

Attorneys for Plaintiffs

Dated: July 14, 2008

By: /s/
Timothy Lynes, DC Bar 390281
KATTEN MUCHIN ROSENMAN, LLP

1025 Jefferson Street, N.W.
East Lobby, Suite 700
Washington, D.C.   20007-5201
202-625-3686 (Telephone)
202-298-7570 (Facsimile)

Attorneys for Defendant

2459321

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 07-1554 (RWR) |
| v. | ) |
| | ) |
| INDUSTRIAL CONCRETE CONSTRUCTION OF NJ INC., | ) |
| | ) |
| Defendant. | ) |

## SETTLEMENT AGREEMENT

This confirms the agreement between Defendant, Industrial Concrete Construction of NJ, Inc. ("Defendant"), and Plaintiff, Trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF") (also representing the interests of Plaintiff, Trustees of the International Masonry Institute ("IMI")).

WHEREAS, the IPF and IMI commenced litigation against Industrial Concrete Construction of NJ, Inc. in the United States District Court for the District of Columbia (Civil Case No. 07-1554) by filing a Complaint alleging failure to report correctly and failure to make the required contributions to the IPF and IMI, as revealed by an audit conducted by Calibre CPA Group PLLC, and

WHEREAS, the IPF alleges that Defendant has failed to satisfy its contribution obligations under the collective bargaining agreement it has signed by failing to make contributions, making contributions late, and/or failing to make contributions under the agreement; and

DSMDB-2467403v01

WHEREAS, the Plaintiff and Defendant now desire to resolve by compromise and settlement all claims asserted by Plaintiff against Defendant in this action, as well as all claims in any manner arising from or connected with Defendant's employees performing covered work under the applicable collective bargaining agreement up to the date of execution of this Settlement Agreement;

NOW, THEREFORE, to resolve the above-mentioned litigation and in consideration of the mutual covenants and agreements herein contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Defendant and the IPF Parties hereby agree as follows:

1. Defendant hereby acknowledges its indebtedness to the IPF and IMI for unpaid contributions and related damages relating to covered work performed during the months of January 2001 through December 2003.

2. With respect to all claims for contributions and related damages due Plaintiffs by Defendant relating to covered work performed during the months of January 2001 through December 2003, the parties have agreed to a full and final settlement whereby Defendant shall pay Plaintiffs a total of $45,000, as outlined below.

3. Defendant agrees to make the following payments, totaling $45,000, in satisfaction of the moneys owed the IPF for covered work performed during the months of January 2001 through December 2003:

| | | |
|---|---|---|
| a. | July 15, 2008 | $5,000.00 |
| b. | August 15, 2008 | $5,000.00 |
| c. | September 15, 2008 | $5,000.00 |
| d. | October 15, 2008 | $5,000.00 |
| e. | November 15, 2008 | $5,000.00 |

2

DSMDB-2467403v01

| f. | December 15, 2008 | $5,000.00 |
| g. | January 15, 2009 | $5,000.00 |
| h. | February 15, 2009 | $5,000.00 |
| i. | March 15, 2009 | $5,000.00 |

Defendant agrees that the above payments will be received on or before each respective due date. Payments under this Settlement Agreement are to be sent to Ira R. Mitzner, Esq., Dickstein Shapiro LLP, 1825 Eye Street N.W., Washington DC 20006. Checks should be made payable to "Bricklayers International Pension Fund." Defendant further agrees to file all required reports and make all contributions owing to the IPF and IMI for covered work performed subsequent hereto as it is legally obligated.

4.    Defendant agrees that each of the monthly payments described above shall be received by the fifteenth of each month in which they are due. There will be no pre-payment penalty assessed against Defendant. If Defendant fails to remit a scheduled payment by the due date, Defendant shall have a 10-day grace period to remit the delinquent payment. If payment is not received within 10 days from the scheduled due date of the delinquent payment, Defendant shall be considered in default for purposes of this Settlement Agreement. There will be no penalties, fines, or interest assessed by Plaintiffs against Defendant if the payments listed above are made within ten (10) days of their scheduled due date. Defendant shall also be considered in default if it fails to comply with any of the other terms of this Settlement Agreement.

5.    The parties further agree to execute the Stipulation to Settlement, to which this document is attached as Exhibit A, as a condition of this Settlement Agreement. The Stipulation to Settlement shall be filed by the Plaintiffs with the Court.

6.    If Defendant is in default or fails to fulfill any of its obligations under this Settlement Agreement, Defendant hereby consents that a Judgment shall be entered by the Court

3

DSMDB-2467403v01

for any remaining balance due to the Plaintiffs under this Settlement Agreement. Any amount paid by the Defendant will be subtracted from the total amount due on the Judgment, such that Plaintiffs shall collect all amounts necessary to satisfy the outstanding balance of the Judgment. Additionally, Plaintiffs shall collect interest on the Judgment amount to run from the date of the default, as defined above. Defendant further agrees to execute, in the event of default, a Stipulation to Entry of Judgment and/or any other papers necessary to the entry of Judgment consistent with this paragraph.

7. When the IPF has received $45,000 from Defendant, it shall file a Stipulation of Dismissal with Prejudice with the Court.

8. Defendant agrees that at any time, and from time to time, upon the written request of Plaintiffs, Defendant will execute and deliver such further documents and do such other reasonable acts as Plaintiffs may request in order to effectuate the purpose of this Settlement Agreement.

9. This Settlement Agreement may not be changed or altered except upon written consent of all parties.

10. Each of the undersigned parties and its counsel have reviewed and revised this Settlement Agreement and the normal rule of construction to the effect that any ambiguities that are to be resolved against the drafting party shall not be employed in the interpretation of this document.

11. Each of the undersigned parties acknowledges and represents that it has been represented by counsel in connection with its consideration and execution of this Settlement Agreement. Each undersigned party further represents and declares that in executing this document, it has relied solely on its own judgment, belief and knowledge and the advice and

DSMDB-2467403v01

recommendation of its own independently selected counsel concerning the nature, extent and duration of its rights and claims and has not been influenced to any extent whatsoever in executing this document by any representation or statements except those expressly contained herein.

12.    It is understood and agreed that the parties hereto waive any and all claims for attorneys' fees and expenses which their attorneys may have incurred, up to the date of execution of this Settlement Agreement, in connection with the claims discussed in this Agreement. It is further understood and agreed that each party shall be solely responsible for their own attorneys' fees and expenses incurred, up to the date of execution of this Settlement Agreement, in connection with the claims discussed in this Agreement.

13.    This Agreement is a compromise and settlement of disputed claims. This settlement is not to be construed as an admission of liability by any party and each party expressly disclaims liability to any other party.

14.    This Settlement Agreement shall be governed by the laws of the District of Columbia without regard to conflict of law principles.

15.    This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and shall be deemed duly executed upon the signing and notarization of the counterparts of other parties.

DSMDB-2467403v01

AGREED TO AND ACCEPTED:

INDUSTRIAL CONCRETE CONSTRUCTION OF
NJ, INC.

By _____ (Sign)
LORI FRISINA, President

Sworn to and subscribed before me this 15TH day of __July__, 2008

_Gaila Lacidonia_

Notary Public
My commission expires:

Gaila Lacidonia
My Commission Expires
Feb 01, 2012

TRUSTEES, BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,
by their counsel,
DICKSTEIN SHAPIRO LLP

By _____
Charles V. Mehler III, Counsel

DSMDB-2467403v01

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, et al.,                          )
                                             )
                 Plaintiffs,                 )
                                             )
           v.                                )    Civil Action No. 07-1554 (RWR)
                                             )
INDUSTRIAL CONCRETE CONSTRUCTION OF          )
NEW JERSEY, INC.,                            )
                                             )
                 Defendant.                  )
                                             )

## LOCAL RULE 7(K) STATEMENT

Pursuant to Local Rule 7(k), the following persons are entitled to be served with

orders, judgments and stipulations:

Ira R. Mitzner, Esquire
Charles V. Mehler III, Esquire
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, D.C.  20006-5403

Industrial Concrete Construction
Of New Jersey, Inc.
35 Ewing Avenue
North Arlington, NJ  07070

William F. McEnroe, Esq.
Pisarri, McEnroe & Careri
126 State Street
Hackensack, NJ 07601

Timothy Lynes
Katten Muchin Rosenman, LLP
1025 Jefferson Street, NW
East Lobby, Suite700
Washington, DC 20007

2474257

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Proposed Judgment, Motion for Entry of Default Judgment and Incorporated Memorandum in Support Thereof, and Local Rule 7(k) were served by first class mail, postage prepaid, this 22 day of July 2008, upon:

Industrial Concrete Construction
Of New Jersey, Inc.
35 Ewing Avenue
North Arlington, NJ  07070

William F. McEnroe, Esq.
Pisarri, McEnroe & Careri
126 State Street
Hackensack, NJ 07601

Timothy Lynes
Katten Muchin Rosenman, LLP
1025 Jefferson Street, NW
East Lobby, Suite700
Washington, DC 20007

Chanda Morgan

2474251